SCHOTT, Judge.
In this workmen’s compensation case plaintiff sought benefits for total and permanent disability arising out of an accident on the job on April 8,1974. The trial court awarded plaintiff benefits for total disability for a period of 13 weeks at $65 per week beginning June 14, 1974, and ending September 14, 1974. Defendant has appealed, contending that the evidence does not sup *1050 port the judgment and alternatively that compensation benefits should have been terminated on July 14. The issue is whether the record as constituted warrants a reversal or modification of the judgment.
The only evidence in the record is the testimony of plaintiff. Following the accident he was taken to the hospital for a week, and upon his release was treated by Dr. Peterson, the company physician, until June 14, 1974, when he was discharged and certified as able to return to work. He was paid full compensation benefits from the date of the accident until June 14. Because he was still having pain and was unable to work he consulted Dr. Fisher by whom he was treated and discharged on July 14, with the advice that if he had further difficulty he should return to the doctor. He never returned. Asked whether he continued to have trouble with his thigh after being discharged by Dr. Fisher he testified that he didn’t have any trouble until he went into the service because he hadn’t engaged in any strenuous activity, but once in the service he started having trouble with his leg. Furthermore, he was treated by physicians in the Air Force and was restricted in his activities so as to avoid prolonged walking, standing or climbing. He testified that his “medical profile” was adjusted to show that he had these restrictions in his activities.
Defendant bases its argument on the absence of anything in the record to support a cut-off date of September 14. Although the record does not disclose the significance of that date defendant’s counsel advised in oral argument that this was the date of plaintiff’s entering the Air Force. The problem with defendant’s argument is that the record lodged in this court does not include some eight plaintiff’s exhibits that were offered at the beginning of the trial. Those exhibits include reports of Dr. Fisher who had died before the trial, reports by Drs. Grunsten, Stokes and Peterson, X-ray reports from Dr. Herd, drugstore bill and a certified copy of plaintiff’s medical report and profile from the Department of Air Force, consisting of 28 pages dated February 16, 1976. The trial judge had the benefit of these exhibits and the Air Force profile in particular. We must assume that this Air Force profile corroborated plaintiff’s testimony of continuing disability after July 14 and provided the trial judge with a basis for granting of benefits until September 14.
The burden is on appellant to demonstrate error in the record. Without these exhibits, and particularly the Air Force report, we must presume that they supported the trial judge and will affirm the judgment on the basis of defendant-appellant’s failure to demonstrate error.
Finally, defendant did admit that he had applied for unemployment compensation benefits in his application after being discharged by Dr. Fisher and represented that he was physically able to work. We do not agree with defendant that this necessarily precludes plaintiff from obtaining workmen’s compensation benefits for the disputed period. The evidence of the application must be considered along with all the other evidence but it does not in itself preclude plaintiff from recovering benefits at the time he was applying for the unemployment compensation benefits.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.